**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RICHARD R. WATKINSON, | No. 21-35084 |
| Plaintiff-Appellant, | D.C. No. 3:17-cv-00236-JMK |
| v. | |
| ALASKA DEPARTMENT OF CORRECTIONS; EARL HAUSER; JAMES DUNCAN; SCOTT DIAL, | MEMORANDUM* |
| Defendants-Appellees, | |
| and | |
| KEITH ROGERS; JOHN CONANT, | |
| Defendants. | |

Appeal from the United States District Court
for the District of Alaska
Joshua M. Kindred, District Judge, Presiding

Argued and Submitted February 15, 2022
San Francisco, California

Before:  McKEOWN and W. FLETCHER, Circuit Judges, and VRATIL,** District
Judge.

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable Kathryn H. Vratil, United States District Judge for the
District of Kansas, sitting by designation.

Plaintiff Richard Watkinson—a prisoner in the Alaska Department of Corrections ("ADOC") and a practitioner of Asatru—appeals from the district court's judgment for Defendants ADOC, Earl Hauser, James Duncan, and Scott Dial. Plaintiff claims that Defendants violated the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc *et seq.*, Plaintiff's First Amendment right to free exercise of religion, and Plaintiff's Fourteenth Amendment right to equal protection. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

We review district court findings of fact for clear error. *Winding Creek Solar LLC v. Peterman*, 932 F.3d 861, 864 (9th Cir. 2019). We review *de novo* the district court's conclusions of law and determinations on mixed questions of law and fact. *Cal. First Amend. Coal. v. Woodford*, 299 F.3d 868, 872–73 (9th Cir. 2002).

1. Plaintiff argues that the Defendants substantially burdened his religious exercise in violation of the RLUIPA by preventing him from using firewood purchased through ADOC's Prison Welfare Fund ("PWF") for religious purposes and from using the PWF to pool funds with other prisoners to purchase his juice and honey at discounted rates from outside bulk vendors. The RLUIPA provides that "'[n]o government shall impose a substantial burden on the religious exercise' of prisoners unless the government can demonstrate that the burden both serves a

2

compelling government interest and is the least restrictive means of advancing that interest." *Mayweathers v. Newland*, 314 F.3d 1062, 1065 (9th Cir. 2002) (quoting 42 U.S.C. § 2000cc-1(a)). Plaintiff bears the initial burden of persuasion as to whether a policy "substantially burdens" his religious exercise. 42 U.S.C. § 2000cc-2(b). A substantial burden must be more than a mere inconvenience, imposing "a significantly great restriction or onus upon [religious] exercise." *San Jose Christian Coll. v. City of Morgan Hill*, 360 F.3d 1024, 1034 (9th Cir. 2004). The RLUIPA does not require a state to facilitate or subsidize the exercise of religion or pay for devotional accessories. *Cutter v. Wilkinson*, 544 U.S. 709, 720 n.8 (2005); *see Mayweathers*, 314 F.3d at 1068–69.

ADOC policies do not deny Plaintiff access to any item necessary for his religious ceremonies, and Plaintiff may procure all necessary items without access to the PWF. Defendants' policies thus did not substantially burden the exercise of Plaintiff's religious practice, and the district court did not err in determining that Defendants did not violate the RLUIPA. *See Hartman v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1125 (9th Cir. 2013) (prison not required to provide an additional religious accommodation of a full-time Wiccan chaplain).

2. Plaintiff argues that Defendants violated his First Amendment rights for the same reasons. The Free Exercise Clause of the First Amendment states that the government shall make no law "prohibit[ing] the free exercise of religion."

3

*O'Lone v. Est. of Shabazz*, 482 U.S. 342, 348 (1987). Though the right to engage in religious practices does not terminate at the prison door, the right "is necessarily limited by the fact of incarceration." *Jones v. Williams*, 791 F.3d 1023, 1032 (9th Cir. 2015) (citation omitted). As with the RLUIPA, a prisoner asserting a free exercise claim must show that the government policy has substantially burdened his practice of religion. *Id.* at 1031. If the burden is substantial, the challenged conduct will be valid if "reasonably related to legitimate penological interests." *Id.* at 1032 (quoting *O'Lone*, 482 U.S. at 349).

For reasons stated above, the district court did not err in determining that Defendants' conduct did not substantially burden Plaintiff's religious exercise. Furthermore, even if it did so, PWF policies were reasonably related to legitimate penological interests: avoiding constitutional issues that might arise from funding one specific religious group, maintaining prison security, avoiding favoritism, and ensuring that PWF funds support charitable, recreational, and educational opportunities available to the entire prison population. *See Thornburgh v. Abbott*, 490 U.S. 401, 415 (1989); *Walker v. Beard*, 789 F.3d 1125, 1138 (9th Cir. 2015). The district court thus did not err in denying relief on Plaintiff's Free Exercise claim.

3. Plaintiff argues that Defendants violated his Fourteenth Amendment rights when they treated the Native American cultural group differently from

4

Asatru practitioners by allowing the Native American group to use PWF-purchased firewood at the prison sweat lodge.

The Equal Protection Clause states that no state shall "deny to any person . . . the equal protection of the laws." U.S. Const. amend XIV, § 1. To state an equal protection claim, an inmate must identify a group of individuals to whom he is similarly situated and allege intentional and disparate treatment. *See McCollum v. Cal. Dep't of Corr. & Rehab.*, 647 F.3d 870, 880–81 (9th Cir. 2011). The similarly situated group need not be similar in all aspects but must be similar "in respects that are relevant to the state's challenged policy." *Gallinger v. Becerra*, 898 F.3d 1012, 1016 (9th Cir. 2018).

The prison director testified that the groups are not similarly situated because the sweat lodge is a cultural rather than a religious activity. We accord deference to such testimony in determining whether two groups are similarly situated. *See O'Lone*, 482 U.S. at 349; *Thornton v. City of St. Helens*, 425 F.3d 1158, 1168 (9th Cir. 2005) ("Evidence of different treatment of unlike groups does not support an equal protection claim."). The district court did not clearly err in relying on that testimony to determine that the two groups are not similarly situated for purposes of the Equal Protection Clause.

**AFFIRMED.**